J. S12031/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BENJAMIN COOPER, | : | |
| | : | |
| Appellant | : | No. 1982 EDA 2014 |

Appeal from the PCRA Order June 18, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division No(s).: CP-51-CR-1100941-2003

BEFORE: BOWES, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.: **FILED MARCH 17, 2015**

Appellant, Benjamin Cooper, appeals *pro se* from the order dismissing his second Post Conviction Relief Act[1] ("PCRA") petition as untimely. Appellant asserts an exception to the PCRA time bar because he obtained previously unknown facts and filed the instant petition within sixty days of the conclusion of his appeal from the denial of his first PCRA petition. We affirm.

The facts underlying Appellant's convictions were recited in this Court's previous memorandum affirming the judgment of sentence and need not be restated for the purposes of this appeal. **See Commonwealth v. Cooper**,

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

1257 EDA 2005 (unpublished memorandum at 1-4) (Pa. Super. Sept. 22, 2006) (quoting Trial Ct. Op., 12/7/05, at 1-5), *appeal denied*, 17 EAL 2007 (Pa. May 31, 2007). A jury found Appellant guilty of murder of the third degree, robbery, theft, and abuse of a corpse.[2] The trial court sentenced him to thirty-one to sixty-two years' imprisonment on April 12, 2005. This Court affirmed the judgment of sentence on September 22, 2006.[3] The Pennsylvania Supreme Court denied allowance of appeal on May 31, 2007.

Appellant timely filed a *pro se* PCRA petition, his first, on August 3, 2007, and the PCRA court appointed counsel. Following a **Grazier**[4] hearing, the court granted Appellant permission to represent himself, after which he filed an amended *pro se* petition. The PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's first petition without a hearing and on June 18, 2010, entered the order dismissing that petition. Appellant requested counsel for an appeal. The PCRA court appointed John M. Belli, Esq. ("prior PCRA counsel"),[5] who subsequently filed a petition to withdraw

---

[2] Appellant was represented by Anthony D. Jackson, Esq. ("trial counsel") at trial.

[3] Appellant was represented by Thomas L. McGill, Esq. ("direct appeal counsel") in his direct appeal.

[4] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

[5] Appellant was initially represented by James S. Bruno, Esq., in the appeal from the dismissal of his first PCRA petition. **See Commonwealth v. Cooper**, 1849 EDA 2010 (unpublished memorandum, at 3 n.4) (Pa. Super. Sept. 21, 2012). Attorney Bruno failed to file a brief, and this Court

and a no-merit letter[6] in this Court. Appellant did not file a *pro se* response or obtain new counsel for the purposes of that appeal. This Court affirmed the order dismissing Appellant's first PCRA petition on September 21, 2012. ***Cooper***, 1849 EDA 2010 at 7. Appellant did not seek allowance of appeal from the Pennsylvania Supreme Court.

On November 19, 2012, the PCRA court received Appellant's *pro se* "Motion for Extraordinary Relief," which gives rise to this appeal. Appellant asserted "he acquired evidence of an exculpatory nature that completely exonerates him of this heinous crime" and came into possession of alibi evidence. Appellant's Mot. for Extraordinary Relief, 11/19/12, at ¶ 8. The court subsequently received Appellant's *pro se* "Amended Petition for Collateral Relief" on March 11, 2013. The court regarded Appellant's filings as a second PCRA petition and issued a Rule 907 notice of intent to dismiss the petition as time-barred. Appellant did not respond, and the court entered the underlying order dismissing Appellant's petition on June 18, 2014. This timely appeal followed.[7]

---

remanded to determine whether Appellant was abandoned by counsel. ***Id.*** Following remand, Attorney Belli was appointed to represent Appellant. ***Id.***

[6] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[7] The PCRA court did not order a Pa.R.A.P. 1925(b) statement, but filed an opinion in support of its order.

Appellant, in his *pro se* brief, argues the PCRA court erred in dismissing his filings as an untimely PCRA petition. He argues he recently obtained the following evidence: (1) on September 21, 2012, an eyewitness report from defense investigator Walter P. Lee; (2) on February 28, 2012, Attorney Belli's no-merit letter; (3) on September 21, 2012, the criminal complaint and arrest report; (4) on December 12, 2012, the April 3, 2009 order of the Pennsylvania Supreme Court disbarring trial counsel; and (5) on January 4, 2013, a letter from his mother, Pamela Smith-Payton. Appellant's Brief at 9. He also asserts his filings were timely under ***Commonwealth v. Lark***, 746 A.2d 585 (Pa. 2000).[8] ***Id.*** at 10. No relief is due.

The principles governing our review are well-settled.

> On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

***Commonwealth v. Lewis***, 63 A.3d 1274, 1278 (Pa. Super. 2013) (citation omitted).

"The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the PCRA court has

---

[8] Appellant does not dispute that the PCRA court appropriately regarded Appellant's filings as a petition for PCRA relief and, under the PCRA, the filings were untimely on their face. ***See*** 42 Pa.C.S. § 9545(b)(1).

jurisdiction over the petition." *Id.* at 1280-81 (citation and punctuation

omitted).  It is well settled that a

> second petition is untimely unless [a petitioner] can plead
> and prove that one of the following three exceptions to 42
> Pa.C.S. § 9545(b)(1) applies:
>
> (i) the failure to raise the claim previously was the
> result of interference by government officials with
> the presentation of the claim in violation of the
> Constitution or laws of this Commonwealth or the
> Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were
> unknown to the petitioner and could not have been
> ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that
> was recognized by the Supreme Court of the United
> States or the Supreme Court of Pennsylvania after
> the time period provided in this section and has been
> held by that court to apply retroactively.
>
> 42 Pa.C.S. § 9545(b)(1)(i)-(iii).  Additionally, [a petitioner]
> who invokes one of these exceptions must file his claim
> "within 60 days of the date the claim could have been
> presented."  42 Pa.C.S. § 9545(b)(2).

*Lark*, 746 A.2d at 587.

> The timeliness exception set forth in Section
> 9545(b)(1)(ii) requires a petitioner to demonstrate he did
> not know the facts upon which he based his petition and
> could not have learned those facts earlier by the exercise
> of due diligence.  Due diligence demands that the
> petitioner take reasonable steps to protect his own
> interests.  A petitioner must explain why he could not have
> obtained the new fact(s) earlier with the exercise of due
> diligence.  This rule is strictly enforced.

*Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa. Super. 2010)

(citations omitted).  "[T]o constitute facts which were unknown to a

petitioner and could not have been ascertained by the exercise of due diligence, the information must not be of public record and must not be facts that were previously known but are now presented through a newly discovered source." ***Commonwealth v. Edmiston***, 65 A.3d 339, 352 (Pa.), *cert. denied*, 134 S. Ct. 639 (2013).

In ***Lark***, a petitioner obtained newly discovered evidence while an appeal from the dismissal of a prior PCRA petition was pending. ***Lark***, 746 A.2d at 586-87. The ***Lark*** Court held:

> [W]hen an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review.[ ] If the subsequent petition is not filed within one year of the date when the judgment became final, then the petitioner must plead and prove that one of the three exceptions to the time bar under 42 Pa.C.S. § 9545(b)(1) applies. The subsequent petition must also be filed within sixty days of the date of the order which finally resolves the previous PCRA petition, because this is the first "date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

***Id.*** at 588.

Following our review, we conclude that Appellant failed to demonstrate that his underlying second PCRA petition was timely filed under Section 9545(b)(1)(ii) or ***Lark***. Specifically, our review reveals: (1) Appellant provided no explanation why a defense investigator's report generated before trial, or the information that he was with his girlfriend in New Jersey around the time of the incident, was unknown to him; (2) prior PCRA

counsel's no-merit letter contained no new facts, and Appellant waived his opportunity to respond to the no-merit letter during his first PCRA appeal; (3) his claim that he recently obtained copies the criminal complaint and arrest report is belied by the fact that he referred to both documents during the litigation of his first PCRA petition; (4) the April 3, 2009 order disbarring trial counsel was a matter of public record[9] and available during the litigation of his first PCRA petition; and (5) the assertions in the January 4, 2013 letter from his mother were identical to claims he already raised during the litigation of his first PCRA petition. Accordingly, Appellant did not establish previously unknown facts warranting a time-bar exception under Section 9545(b)(1)(ii). *See Edmiston*, 65 A.3d at 352; *Monaco*, 996 A.2d at 1080. Moreover, because the items and facts identified by Appellant could have been discovered before his appeal from the denial of his first PCRA petition,[10] he is not entitled to relief under *Lark*. Thus, we discern no basis to disturb the PCRA court's order dismissing the instant PCRA petition as untimely.

---

[9] *See Commonwealth Lopez*, 51 A.3d 193, 195 (Pa. 2012) (*per curiam*); *Commonwealth v. Feliciano*, 69 A.3d 1270, 1277-78 (Pa. Super. 2013) (noting disciplinary orders of the Supreme Court are matters of public record). We note the reasons for trial counsel's disbarment did not pertain to his representation of Appellant.

[10] Indeed, our review reveals that with exception of prior PCRA counsel's no-merit letter and the April 3, 2009 disciplinary order disbarring trial counsel, the facts and/or documents identified by Appellant were referred to during the litigation of his first PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/17/2015